UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-80-KAC-JEM |
| | ) | |
| JOSE SALGUERO-ALONZO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jose Salguero-Alonzo's Motion to Continue Trial Date and Plea Deadline [Doc. 14], filed on October 17, 2025.

Defendant requests the Court to continue the plea deadline, set for October 17, 2025, and the trial date, set for November 18, 2025 [*Id.*]. In support of the motion, Defendant states that despite reasonable diligence on part of his counsel, this case is not yet ready for hearing [*Id.* ¶ 1]. Defendant's counsel received supplemental discovery the week that he filed his motion and he requires additional time to share this discovery with Defendant, who is remotely detained in Laurel County, Kentucky [*Id.*]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 4]. Defendant understands that the period between the filing of the motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 3].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's counsel needs more time to review discovery, consult with Defendant, and otherwise prepare for trial. The Court finds that all of this cannot occur before the November 18, 2025 trial date.

The Court therefore **GRANTS** Defendant Jose Salguero-Alonzo's Motion to Continue Trial Date and Plea Deadline [**Doc. 14**]. The trial of this case is reset to **February 3, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 17, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Jose Salguero-Alonzo's Motion to Continue Trial Date and Plea Deadline [**Doc. 14**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 3, 2026, at 9:00 a.m.**, before the Honorable Katherine A Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 17, 2025**, and the new trial date of **February 3, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 5, 2026**;

(5) the deadline for filing motions *in limine* is **January 16, 2026**, and responses to motions *in limine* are due on or before **January 27, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 20, 2026, at 2:00 p.m.,** and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 23, 2026.**

**IT IS SO ORDERED.**

ENTER:

/s/ Jill E. McCook
Jill E. McCook
United States Magistrate Judge