UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-80-KAC-JEM |
| | ) | |
| JOSE SALGUERO-ALONZO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant's Unopposed Motion to Continue Trial Date and Plea Deadline [Doc. 16], which he filed on January 5, 2026.

Defendant asks the Court to continue the plea deadline and the trial associated with this matter [*Id.* at 1]. In support of his motion, Defendant states that despite due diligence by counsel, counsel needs additional time to meet with Defendant and work through issues in the case [*Id.* ¶ 1]. Defendant needs the assistance of an interpreter, and counsel submits that, given Defendant's detention at the Laurel County Correctional facility, meeting with Defendant takes "a great deal of time" and must be "prearranged among all necessary parties days in advance" [*Id.*]. Defendant also states a continuance will provide the parties an opportunity to make a full resolution of the case and will serve the ends of justice in that the need for additional time to properly prepare the case outweighs the interests of the public and Defendant in a speedy trial [*Id.* ¶ 2]. Defendant's motion reflects that counsel for the Government has been made aware of the request and has no objection [*Id.* ¶ 4]. Defendant understands his right to a speedy trial and that the time between the

filing of the motion and the new trial date will be excluded from his speedy trial calculation [*Id.* ¶ 3].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant requires the assistance of an interpreter, and Defendant's counsel needs time to meet with him and work through issues in the case. The Court finds that this cannot occur before the February 3, 2026 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Trial Date and Plea Deadline [**Doc. 16**]. The trial date is reset to **May 19, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on January 5, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Trial Date and Plea Deadline [**Doc. 16**] is **GRANTED**;

(2) the trial date is reset to commence on **May 19, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 5, 2026**, and the new trial date of **May 19, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 17, 2026**;

(5) the deadline for filing motions *in limine* is **May 4, 2026**, and responses to motions *in limine* are due on or before **May 12, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 21, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 8, 2026**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge